UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FUENTES TREJO ALIBER, | Case No. 2:26-cv-01055-MMD-MDC |
| Petitioner, | ORDER |
| v. | |
| PAM BONDI, *et al.*, | |
| Respondents. | |

Petitioner Fuentes Trejo Aliber, an immigration detainee challenging his ongoing federal detention at Nevada Southern Detention Center, filed a *pro se* petition for federal habeas corpus relief under 28 U.S.C. § 2241 (ECF No. 1-1 ("Petition"), a motion for leave to proceed *in forma pauperis* (ECF No. 1 ("IFP Application"), and a motion for appointment of counsel (ECF No. 1-2 ("Motion for Counsel")).

The Court finds that good cause exists to grant the IFP Application. The Court also finds that the appointment of counsel is in the interests of justice, given, among other things, the complexities of this case.[1] The Court further directs service on the United States Attorney's Office for the District of Nevada ("USAO").

It is therefore ordered that the IFP Application (ECF No. 1) is granted.

It is further ordered that the Motion for Counsel (ECF No. 1-2) is granted. The Federal Public Defender for the District of Nevada ("FPD") is appointed to represent Petitioner and is directed to file a notice of appearance (or indicate its inability to represent Petitioner) within three days of the date of this Order. If the FPD is unable to represent

_____

[1]Habeas corpus petitioners are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations or whenever the interests of justice so require. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); 18 U.S.C. § 3006A.

Petitioner, alternate counsel will be appointed. Appointed counsel will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

It is further ordered that if the FPD files a notice of appearance in this matter, it will then have ten days from the date of this Order to file either an amended petition or a notice of non-amendment. The FPD shall effectuate service of the amended petition, if one is filed, on Respondents.

It is further kindly ordered that the Clerk of Court:

1. File the Petition (ECF No. 1-1).

2. Send a copy of the Petition (ECF No. 1-1) and this Order to the FPD at ecf_nvchu@fd.org, Petitioner, and the CJA Coordinator for this division.

3. Add the USAO to the docket as an Interested Party. Pursuant to District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.

4. Mail a copy of the Petition (ECF No. 1-1) and this Order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to John Mattos, Warden, Nevada Southern Detention Center, 2190 E. Mesquite Ave. Pahrump, NV 89060.

5. Send a courtesy copy of the Petition (ECF No. 1-1) and this Order to Ashley Hesman (Mattos's attorney) at ahesman@strucklove.com.

It is further ordered the USAO file a notice of appearance within seven days of the date of this Order. Respondents must file their answer within ten days of the filing date of the amended petition or the notice of non-amendment. Respondents must file with their

answer any documents reference or relied upon in their responsive pleading.[2] Petitioner will then have five days to file a reply.

It is further ordered that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

It is further ordered that Respondents shall not transfer Petitioner out of this District.[3] The Court further directs Respondents to inform the Court and Petitioner's counsel in the event the government obtains travel documentation for Petitioner.

DATED THIS 7th day of April 2026

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[2]*See Harris v. Nelson*, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus which establishes a *prima facie* case for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require.'") (citing 28 U.S.C. § 2243).

[3]*See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting a district court's "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").

3