UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

FUENTES TREJO ALIBER,

Petitioner,

v.

PAM BONDI, *et al.*,

Respondents.

Case No. 2:26-cv-01055-MMD-MDC

ORDER

## I.    SUMMARY

Petitioner Aliber Fuentes Trejo,[1] an immigration detainee challenging his ongoing federal detention at Nevada Southern Detention Center, filed a counseled first amended federal habeas corpus petition under 28 U.S.C. § 2241 (ECF No. 10 ("Petition").)[2] Because the immigration judge ("IJ") abused his discretion in improperly imposing mandatory detention on Petitioner under the Laken Riley Act, the Court grants the Petition and orders a new bond hearing.

## II.    RELEVANT BACKGROUND

Petitioner is a citizen of Mexico. (ECF No. 10 at 4.) He was admitted into the United States as the child of a legal permanent resident in 2006. (*Id.* at 4 (citing ECF No. 10-2 at 3).) In July 2025, Petitioner pled guilty to felony Injury to Child in violation of Idaho Code § 18-1501(1). (*Id.* (citing ECF Nos. 10-6, 10-7).) Petitioner was taken into custody by Immigration and Customs Enforcement ("ICE") on September 17, 2025. (*Id.* (citing ECF No. 10-9).)

---

[1]Petitioner mistakenly inverted his first and last name in his original *pro se* petition. (ECF No. 10 at 1 n.1.)

[2]Respondents filed a response (ECF No. 13) and Petitioner replied (ECF No. 14).

On October 6, 2025 Petitioner had a custody redetermination hearing ("Bond Hearing") before an IJ in immigration court. (*Id.* at 5 (citing ECF No. 11-2).) The IJ denied bond, finding Petitioner was subject to mandatory detention under the Laken Riley Act and a danger to the community. (ECF Nos. 10-4; 11-2.) Petitioner reserved his right to appeal the IJ's decision to the Board of Immigration Appeals ("BIA"). (ECF No. 10-4 at 3.) On January 2, 2026, the IJ ordered Petitioner removed to Mexico. (ECF No. 10-3.) Petitioner appealed the IJ's removal order to the BIA. (ECF No. 13-5.) Petitioner remains in detention pending his appeal.[3]

## III.   DISCUSSION

### A. Administrative Exhaustion

Respondents mention in the factual background section, though not in their argument, that the Petition "is not ripe and should be dismissed for lack of subject matter jurisdiction." (ECF No. 13 at 2.) Respondents argue this is because Petitioner has not exhausted his administrative remedies, citing to *Leonardo v. Crawford* 646 F.3d 1157 (9th Cir. 2011). (*Id.*). The Court rejects Respondents' argument and grants Petitioner waiver of the prudential administrative exhaustion requirement.

"Administrative exhaustion can be either statutorily required or judicially imposed as a matter of prudence." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (citation omitted). "Where Congress specifically mandates, exhaustion is required. But where Congress has not clearly required exhaustion, sound judicial discretion governs." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). Section 2241 contains no statutory

---

[3]It is unclear to the Court, and seemingly unclear to the parties, whether or not Petitioner appealed the IJ's Bond Hearing decision to the BIA. Respondents state Petitioner "exercised his valid rights to appeal the IJ's decision to the BIA" but only provide the filing receipt for Petitioner's BIA appeal of the IJ's removal order. (ECF No. 13 at 2, 4 (citing ECF No. 13-5).) Petitioner's counsel acknowledges that it is unclear whether or not Petitioner appealed the Bond Hearing decision, though Petitioner claims he has. (ECF No. 14 at 3 n.4). Regardless, it seems undisputed that Petitioner has not received a decision from the BIA.

exhaustion requirement. *See* 28 U.S.C. § 2241. Administrative exhaustion is therefore not jurisdictional but rather prudential in Section 2241 immigration detention habeas proceedings. *See Laing v. Ashcroft*, 370 F.3d 994, 997-98 (9th Cir. 2004). Consequently, courts have the authority to waive the administrative exhaustion requirement under certain circumstances. *See id.* at 1000. In *Leonardo v. Crawford*, the Ninth Circuit held that "[w]hen a petitioner does not exhaust administrative remedies [with the BIA], a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies*, unless exhaustion is excused*." 646 F.3d at 1160 (emphasis added). Moreover, the *Leonardo* Court references "factors a court should consider when deciding *whether to excuse the prudential* exhaustion requirement in a particular case." *Id.* (citations omitted) (emphasis added). In *Leonardo*, the Ninth Circuit only remanded with instructions to dismiss for failure to exhaust because the petitioner there did not "demonstrate[] grounds for excusing the exhaustion requirement." *Id.*

Various situations merit waiver of administrative exhaustion, "such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing, 370 F.3d at 997-98* (quoting *S.E.C. v. G.C. George Sec., Inc.,* 637 F.2d 685, 688 (9th Cir.1981)). The Court finds that the irreparable harm exception applies here. The Supreme Court held that waiver of prudential administrative exhaustion is appropriate "[e]ven where the administrative decisionmaking schedule is otherwise reasonable and definite, [if] a particular plaintiff may suffer irreparable harm if unable to secure immediate judicial consideration." *McCarthy*, 503 U.S. at 146-49. Unlawful detention "constitutes extreme or very serious damage, and that damage is not compensable in damages." *Hernandez v. Sessions*, 872 F.3d 976, 999 (9th Cir. 2017). The Court agrees that "[e]very single day Petitioner spends behind bars under a legally flawed, misapplied mandatory detention policy constitutes an ongoing, irreparable injury."

3

(ECF No. 14 at 4); *see also Doroteo-Chavez v. Noem, et al.,* No. 2:26-cv-00049-RFB-DJA, 2026 WL 1031190, at *6 (D. Nev. Apr. 16, 2026) ("[R]equiring Petitioner to remain in detention pending the BIA's decision would cause irreparable harm, which is a separate basis to waive exhaustion." (citing *Rodriguez v. Robbins*, 715 F.3d 1127, 1145 (9th Cir. 2013))).

Petitioner raises this waiver argument in his reply brief. While the Court generally does not consider arguments raised for the first time in a reply, the Court finds it is in the interests of justice to consider and adopt Petitioner's argument, specifically considering his lengthy eight-month detention. *See Martin v. United States*, No. 2:26-CV-00388-CDS-NJK, 2026 WL 1266231, at *2 (D. Nev. May 8, 2026).

### B. Laken Riley Act Mandatory Detention

In Ground Two, Petitioner argues that his mandatory detention subject to the Laken Riley Act violates his rights under the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. (ECF No. 10 at 8-10.)[4] While the Court does not have jurisdiction to review underlying factual determinations by the IJ, the Court retains jurisdiction to review the IJ's application of the law for abuse of discretion. *See Martinez v. Clark*, 124 F.4th 775, 779, 782-83 (9th Cir. 2024) (citing *Wilkinson v. Garland*, 601 U.S. 209, 212-22 (2024)).

The Laken Riley Act imposes mandatory detention on any noncitizen who "(i) is inadmissible under paragraph (6)(A), (6)(C), or (7) of section 1182(a) of this title; *and* (ii) is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny,

---

[4]As Petitioner notes, Respondents do not discuss the Laken Riley Act at all or dispute Petitioner's conclusion that the mandatory detention provision was improperly applied here. (ECF No. 14 at 3, 5-6.) Respondents instead claim that Petitioner is "lawfully detained under 8 U.S.C. § 1231(a)(6) as he has been issued a final order of removal." (ECF No. 13 at 3.) However, as Respondents state in the same brief and with evidentiary support, Petitioner appealed his removal order decision to the BIA. (*Id.* at 2 (citing ECF No. 13-5).) Therefore, Petitioner is not subject to a final order of removal.

shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1446(c)(1)(E) (emphasis added). In accordance with part (i), the provision only applies to noncitizens who are "inadmissible" for various reasons, meaning ineligible to receive visas or be admitted into the United States. 8 U.S.C. § 1182(a).

The Court finds the IJ abused his discretion by improperly concluding Petitioner was subject to mandatory detention under the Laken Riley Act. In his written order, the IJ denies Petitioner's custody redetermination request "because Laken Riley Act mandatory custody and a danger to the community." (ECF No. 10-4 at 2.) At the Bond Hearing, the IJ expressly invokes Section 1446(c)(1)(E) but only discusses part (ii). (ECF No. 11-2 at 4:08-4:25.) The IJ does not identify or address the statute's requisite part (i), which states that the mandatory detention provision only applies to noncitizens who are "inadmissible" under three specific circumstances. *See* 8 U.S.C. § 1446(c)(1)(E)(i) (citing 8 U.S.C. §§ 1182(a)(6)(A), (6)(C), (7)). The IJ states he reviewed Petitioner's materials and his I-213. (ECF No. 11-2 at 3:17-3:30.) Petitioner's I-213 confirms that Petitioner was approved for an immigrant visa and admitted into the United States as an FX-2 lawful permanent resident. (ECF No. 10-2 at 4.) Therefore, this provision of the Laken Riley Act imposing mandatory detention cannot apply to Petitioner.

After discussing the applicability of the Laken Riley Act, the IJ also concluded Petitioner was a danger to the community based on his criminal history. (ECF Nos. 10-4 at 2; 11-2 at 4:48-5:27.) However, the Court finds the IJ's legally erroneous application of the Laken Riley Act tainted the proceedings. Therefore, the Court will grant the Petition and order a new bond hearing, barring invocation of this improperly applied mandatory detention provision. At this new bond hearing, the government must bear the burden of establishing, by clear and convincing evidence, an individualized and constitutionally recognized interest in civilly detaining Petitioner, *i.e.,* that his detention is necessary to

prevent danger to the community or to ensure his future appearance at removal proceedings. *See Martinez v. Clark*, 124 F.4th at 785. The bond hearing must also consider Petitioner's financial circumstances and possible alternative release conditions. *See Hernandez v. Sessions*, 872 F.3d at 990.

## IV.    CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Petition. In particular, because the Court grants Petitioner relief on Ground Two, it does not address the arguments regarding the remaining grounds.

It is therefore ordered that the Petition is granted. (ECF No. 1.)

It is further ordered that Respondents must provide Petitioner with a constitutionally adequate bond hearing, consistent with the requirements described above, no later than Thursday, May 28, 2026. Respondents are enjoined from invoking mandatory detention of Petitioner under 8 U.S.C. § 1226(c)(1)(e) at this new bond hearing.

It is further ordered that if a constitutionally adequate bond hearing is not conducted by May 28, Respondents must immediately release Petitioner from custody on his own recognizance.

It is further ordered that the Parties shall file a joint status report by Friday, May 29. The status report shall detail if the bond hearing occurred, if bond was granted or denied, and, if denied, the reasons for that denial. If bond was granted or the bond hearing has not occurred, the status report shall confirm the date and time of Petitioner's release from detention in compliance with this Order. If bond was denied, Respondents must

///

///

6

(1) attach the order of the immigration judge to the joint status report and (2) provide the contemporaneous record of the bond hearing to Petitioner's counsel immediately upon request.

The Clerk of Court is instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this case to enforce the judgment without filing a separate case.

DATED THIS 21st day of May 2026

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE